# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-107(18) (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Mohit Tandon, | |
| Defendant. | |

This matter is before the Court on Defendant's Motion for Clarification of Sentence (Doc. No. 155) regarding the issue of sex offender registration. The motion is opposed by the government.

Based upon the presentations of counsel and the Court having carefully reviewed the entire file, as well as consulting with the United States Probation and Pretrial Services Officer, and being otherwise duly advised in the premises, hereby enters the following:

## ORDER

Defendant's Motion for Clarification of Sentence Regarding Sex Offender Registration (Doc. No. [1559]) to the extent it asserts that there is no requirement or will be no requirement (34 U.S.C. § 20901, *et seq.*) is respectfully **DENIED**.

The attached memorandum is made a part hereof.

Dated: December 13, 2019  s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge

**MEMORANDUM**

On December 2, 2019, the Court sentenced the Defendant to one year and one day with the Bureau of the Prisons as to Count 3, conspiracy to commit transportation to engage in prostitution pursuant to Title 18, U.S. Code Sections 371 and 2421, and conspiracy to engage in money laundering pursuant to Title 18, U.S. Code Section 1956(a). As one of the conditions of supervised release, the Court stated "the Defendant must comply with the requirements of the Sex Offender Registration Notification Act (34 U.S.C. § 20901 *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student or were convicted of a qualifying offense."

As correctly observed by the government, the Defendant entered a plea of guilty to the crimes noted above on December 19, 2017. DCD 535 (COP Hrg). The parties' plea agreement contains the notice provision that the Defendant may be required to register as a sex offender as a condition of supervised release, and, independent of supervised release, Defendant may be subject to federal and state offender registration requirements. DCD 539 ¶ 14.

Contrary to the position of the Defendant, the Court concludes that a conviction under 18 U.S.C. § 2421 is a sex offense for which registration is required pursuant to 34 U.S.C. § 20911. Moreover, SORNA by definition does cover attempts and conspiracy such as the one the Defendant pled guilty to where the object offense falls under the SORNA's "sex offense" definition. As stated in 34 U.S.C. § 20911(1) sex offender, the term "sex offender" means an individual who was convicted of a sex offense. And

34 U.S.C. § 20911(2), entitled Tier I sex offender, states "the term 'Tier I sex offender' means a sex offender other than a Tier II or Tier III sex offender." Consequently, as noted above, a violation of 18 U.S.C. § 2421 falls under the SORNA "sex offense" definition.

The conclusion of the Court is consistent with the evaluation by the U.S. Probation and Pretrial Services Office for the District of Minnesota. To the extent it is relevant, the Defendant is the first defendant that has raised this issue before this Court. However, the Court must note, as observed by the government, this issue will not come up until the Defendant is discharged from the Bureau of Prisons, and then it will depend upon whether a particular state's implementation of SORNA and the laws of that state require the defendant to register as a sex offender.

For the reasons stated, the Court continues to require as a condition of supervised release the following condition:

> You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.

D.W.F.